Francis X. Conlon, J.
On this motion to dismiss the complaint for alleged insufficiency, all the allegations of the pleading, other than conclusions and allegations of law, must be deemed admitted. One of the averments of the complaint which must be regarded as admitted is that “ the position of instructor in showers was classified by the defendant as a position on its teaching staff ”. It appears that the plaintiffs were originally appointed in 1936 as teachers of swimming; that they were laid off when many positions of teacher of swimming were abolished for financial reasons in 1941 and were placed upon a preferred list for appointment to similar positions when they became vacant; that meanwhile they were continued on the teaching staff as teachers of showers; that in 1950 they were redesig-nated as teachers of swimming and have continued in those positions ever since.
In view of the provisions of the Education Law that salaries and salary increments fixed in the by-laws for full-time members of the teaching staff ‘ ‘ shall not be less than those provided in section eight hundred eighty-three of this article ” (Education Law, § 882, as amd. by L. 1947, ch. 778), and in view of the fact that teachers of swimming since 1948 have been included within the protection of section 882 (supra) it follows that these *1023 plaintiffs were entitled, when they were reappointed teachers of swimming in 1950, to have their salaries from that time on fixed on the basis of the schedules adopted by the defendant pursuant to section 883 of the Education Law, as amended in 1947. Those schedules provided, in 1950, for increments based on previous years of service. The Education Law (§ 883, subd. 5) provided for salary increments based on teaching service in the school district, without any requirement that such service should have been rendered in the same position. Assuming, therefore, that the service rendered while plaintiffs were teachers of showers was, as alleged, classified by defendant as teaching service, plaintiffs were entitled, on their reappointment in 1950, to credit for 14 years’ teaching service and to placement upon the 15th salary step in the statutory schedule which had been adopted for the position of teachers of swimming. As they were given credit for less years of service and placed on a lower salary step, they make out a prima facie cause of action for the difference in salary between that which they have been paid and that which they should have received had they been given credit for 14 years of teaching service. The court does not agree with defendant’s contention that the provisions of the 1947 statute were inapplicable to the reappointments of plaintiffs. Since a good cause of action, for pleading purposes, is made out for at least some recovery, it is unnecessary to consider plaintiffs’ claim that by reason of amendments, in 1951, of the Education Law and of the defendant’s by-laws, they became entitled to further increases of salary.
The motion is denied, with leave to answer within 10 days from the service of a copy of this order with notice of entry.